**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
JOSHUA RABINOWITZ, on behalf of himself⠀:
and all others similarly situated,⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:⠀⠀Civil Action No.
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:⠀⠀**CLASS ACTION COMPLAINT AND**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:⠀⠀**JURY TRIAL DEMAND**
ALLTRAN FINANCIAL, LP,⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
—————————————————————X

⠀⠀⠀⠀⠀Plaintiff JOSHUA RABINOWITZ, on behalf of himself and all others similarly situated, (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant ALLTRAN FINANCIAL, LP ("Defendant"), the following:

## PRELIMINARY STATEMENT

⠀⠀⠀⠀⠀1.⠀⠀⠀⠀Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey, County of Ocean and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief, Defendant ALLTRAN FINANCIAL, LP ("ALLTRAN") is a limited partnership organized under the laws of the State of Texas with its principle place of business located in Houston, Texas.

9.      ALLTRAN is a debt collector, as defined by § 1692a of the FDCPA,

because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. ALLTRAN operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey. In fact, Defendant ALLTRAN was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.    This Action is properly maintained as a class action. The Classes consist of:

### Class 1

 • All New Jersey consumers who were sent one or more letters and/or notices from Defendant in which American Express is identified as the creditor and the letters and/or notices included the alleged conduct and practices described herein.

### Class 2

• All New Jersey consumers where Defendant sent information concerning the consumer's Amex Chase Bank, N.A. debt to a third-party letter vendor without obtaining the prior consent of the consumer.


 • The Class period begins one year to the filing of this Action.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for

maintaining a class action:

• Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (See **Exhibits A and/or B**), except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

• There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692c(b), 1692e, 1692f and/or 1692g, and subsections therein;

    b.    Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate

statutory formula to be applied in determining such damages and
restitution; and

g.       Whether Plaintiff and the Class are entitled to declaratory
and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as

monetary damages.  If Defendant's conduct is allowed to proceed
without remedy they will continue to reap and retain the proceeds of
their ill-gotten gains;

• Defendant has acted on grounds generally applicable to the entire
Class, thereby making appropriate final injunctive relief or
corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is
defined by 15 U.S.C. §1692a(3).

14.     Prior to June 18, 2020, Plaintiff allegedly incurred a financial obligation to
American Express. ("Amex") related to a consumer credit card account ("the Debt") with
an account number ending in 1002.

15.     The Debt arose out of a transaction in which money, property, insurance
or services, which are the subject of the transaction, are primarily for personal, family or
household purposes.

16.     The alleged Amex Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17.     Amex is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18.     At some time prior to June 18, 2020, the Amex Debt obligation became
past due with a balance of $4,945.71

19.     At some point prior to June 18, 2020, the Debt was referred for collection
by Amex to Defendant.

20.     At the time the Amex Debt was placed with Defendant, the balance on the
Debt was past due.

6

21.     On or about June 18, 2020, Defendant sent Plaintiff a collection letter with respect to the Debt.  Attached as **Exhibit A** is a copy of the June 18, 2020 collection letter.

22.     The Collection Letter was Defendant's initial written communication to Plaintiff with respect to the Debt.

23.     The Collection Letter was sent in connection with the collection of the Amex Debt.

24.     The Collection Letter was a "communication" as defined by 15 U.S.C. §1692a(2).

25.     As the initial written communication, the Collection Letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

26.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

27.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

28.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day

period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

29.     In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

30.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31.     In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

32.     A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

33.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

34.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

35.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of

8

the original creditor.

36.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to his or her rights.

37.     The front side of the Collection Letter included the following statement ("The Statement"):

> Unless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Upon your written request within the thirty day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

38.     The Statement presumably attempted to comply with the requirements of section 1692g(a)(3)-(5).

39.     The Statement does not direct the consumer to dispute the Debt with a particular address for an in writing dispute.

40.     The Collection Letter includes two separate addresses for Defendant.

41.     The least sophisticated consumer may be dissuaded from disputing the debt at all, since he or she may not know to which office the dispute should be sent.

42.     The top the Collection Letter  provides a first address for Defendant ("the First Address") of:

PO Box 4043
Concord CA 94524-4043

43.     The Collection Letter also contains a second address for Defendant (the "Second Address"):

PO Box 722929
Houston, TX 77272-2929

44.     The problem with the Collection Letter is that it contains two separate addresses for Defendant.

45.     The least sophisticated consumer may believe that he or she would have to send two separate letters to dispute the Debt.

46.     The least sophisticated consumer may decide that sending two separate dispute letters in order to dispute the Debt would be too burdensome and decide not to dispute the Debt.

47.     The least sophisticated consumer may decide not to dispute the Debt since he or she would not know which of the two addresses to use to dispute the debt.

48.     The use of multiple addresses by Defendant overshadowed the disclosure of the consumer's right to dispute the Debt and obtain verification of the Debt.

49.     The use of multiple addresses is deceptive and/or misleading.

50.     In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple addresses in an initial written communication to a consumer.

51.     Additionally, Defendant received a second letter from Defendant dated July 16, 2020, a copy of which is attached as **Exhibit B.**

.

52.     The July 16, 2020 collection letter was sent and arrived within the 30 day period provided for by the June 18, 2020 letter for Plaintiff to dispute or seek verification of the Debt.

53.     The July 16, 2020 letter demanded payment from Plaintiff.

54.    The July 16, 2020 letter did not inform Plaintiff that he still had time to dispute the Debt since the 30 day period for verification or dispute had not yet passed.

55.    Nothing in the July 16, 2020 letter advised Plaintiff about that his rights section 1692g(a) had not expired.

56.    Thus, the July 16, 2020 letter overshadowed Plaintiff's debt verification rights under section 1692g(a) of the FDCPA.

57.    The July 16, 2020 collection letter also indicated that should Plaintiff make full payment on the outstanding balance of the Debt, he would receive an Optima Card application.

58.    The least sophisticated consumer may believe that should he or she make payment in full on the Debt after receiving the July 16, 2020, then her or she would be receiving a new credit card, when in fact, all he or she would be receiving would be an application for a new credit card.

59.    Based upon information and belief, if Plaintiff had paid off the balance of the debt a per the July 16, 2020 collection letter, Defendant would not have issued to Plaintiff the Optima credit card or would have issued it with severe restrictions.

60.    The July 16, 2020 collection letter also failed to provide a deadline by which Plaintiff had to make payment in order to accept the offer to receive the new credit card application.

61.    Additionally, when Defendant decided to contact Plaintiff via written correspondence, it did not prepare and mail the Collection Letter on its own.

62.    Rather, Defendant sent information regarding Plaintiff's account to a third-party letter vendor (the "Letter Vendor").

63.     In its communications with the Letter Vendor, Defendant disclosed the following information to the Letter Vendor:

a. Plaintiff's status as a debtor;

b. The fact that Plaintiff allegedly owed $4,945.71 to Amex; and,

c. Other highly personal and confidential information about Plaintiff and his account.

64.     The Letter vendor then populated some or all of this information into a pre-written template, which it printed and mailed to Plaintiff's residence in New Jersey.

65.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

66.     The sending of an electronic file containing information about Plaintiff's purported debt to the Letter Vendor is therefore a communication.

67.     Defendant's communication to the Letter Vendor was in connection with the collection of a Debt, since it involved disclosure of the Debt to a third-party with the objective being communication with, and motivation of, the consumer to pay the alleged Debt.

68.     Plaintiff never consented to having his personal and confidential information, concerning the Debt or otherwise, shared with anyone else.

69.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment

judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, <u>with any person</u> other than <u>the consumer</u>, <u>his attorney</u>, <u>a consumer reporting agency if otherwise permitted by law</u>, <u>the creditor</u>, <u>the attorney of the creditor</u>, or <u>the attorney of the debt collector</u>.

(emphasis added).

70.     The Letter Vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provide for in section 1692c(b).

71.     Due to Defendant's communication to the Letter Vendor, information about Plaintiff, including his name, the amount allegedly owed, Plaintiff's home address and other information were all within the possession of an unauthorized third-party.

72.     Defendant unlawfully communicated with the unauthorized Letter Vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it disclosed to such third-party.

73.     In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

74.     As a result of Defendant's conduct, Plaintiff was harmed by being subject to abusive collection practices, from which she had a substantive right to be free of having his or her privacy invaded and by having his or her private and protected information shared and disseminated with unauthorized parties.

75.     As a result of Defendant's conduct, Plaintiff sustained a concrete, actual injury.

76.     As a result of Defendant's conduct, Plaintiff sustained a concrete, actual injury.

13

77.    In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple addresses in an initial written communication to a consumer.

78.    In the last year, on multiple occasions Defendant sent consumer information to Lender Vendors without prior consent of the consumer.

79.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

80.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

81.    Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

82.    Defendant violated Plaintiff's right to a trustful and fair debt collection process.

83.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

84.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

85.    The deceptive communication additionally violated the FDCPA since it

frustrated Plaintiff's ability to intelligently choose his or her response.

86.    It is Defendant's pattern and practice to send collection letters in the form described above, and which violate the FDCPA.

87.    On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT
## VIOLATIONS OF 15 U.S.C. §1692

88.    Plaintiff repeats the allegations contained in paragraphs 1 through 87 as if the same were set forth at length.

89.    Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

90.    Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

A.  15 U.S.C. §1692c, by conveying Plaintiff's information to a third-party;

B.  15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

C.  15 U.S.C. 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

D.  15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

E. 15 U.S.C. §1692f, by using unfair means in connection the collection of a debt by knowingly disclosing sensitive information about Plaintiff's debt to third parties not expressly authorized under the FDCPA;

F. 15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice;

G. 15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
         June 18, 2021

Respectfully submitted,


By: s/ Lawrence C. Hersh
     Lawrence C. Hersh, Esq.
     17 Sylvan Street, Suite 102B
     Rutherford, NJ  07070

(201) 507-6300
*Attorney for Plaintiff*


## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated: June 18, 2021                    By: <u>s/ Lawrence C. Hersh</u>

                                             Lawrence C. Hersh, Esq.

EXHIBIT A



# Alltran Financial, LP

PO BOX 4043
CONCORD CA 94524-4043

June 18, 2020

ADDRESS SERVICE REQUESTED

Joshua Rabinowitz

| Creditor: American Express |
|---|
| Account: XXXXXXXXXX41002 |
| Alltran ID: 742 |
| Account Balance: $4,945.71 |
| Partial Account Number for Your Security. |

Alltran Financial, LP
PO BOX 722929
HOUSTON TX 77272-2929

Please detach at perforation and return with your payment.

Dear Joshua Rabinowitz,

Your account referenced above has been referred to this office for collection. Please remit payment in full of any undisputed amount, payable to American Express, in the enclosed envelope.

Unless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Upon your written request within the thirty day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Please see the reverse side of this letter for important notices concerning your rights.**

Sincerely,

CEDDRICK L SAXTON
866-740-3108, ext. 3016
Alltran Financial, LP
P.O. Box 722929
HOUSTON TX 77272-2929

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Looking for a secure and more convenient way to pay your account?** Make payments with your Debit Card using your mobile phone or other electronic device at www.alltranfinancialpay.com to take advantage of this simple and free service available 24 hours a day.

Office Hours (all times Central)
Monday-Thursday: 8 AM to 9 PM • Friday: 8 AM to 4 PM • Saturday: 7 AM to 11 AM

If you have a complaint about the way we are collecting this debt, you may write to our Contact Center, 5800 North Course Drive, Houston, TX 77072 or call our toll-free Complaint Hotline at (800) 326-8040 between 7 AM and 4 PM (Central Time) Monday-Friday.

*-074148181-*

# State Disclosures

## California

The State Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 A.M. or after 9 P.M. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have a reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877- FTC-HELP or WWW.FTC.GOV.

## Colorado

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTIONS PRACTICES ACT, SEE WWW.COAG.GOV/CAR.

Colorado Manager, Inc., 8690 Wolff Court, Suite 110, Westminster, CO 80031 - (303) 920-4763

## Massachusetts

If you notify this office within 30 days after receiving this notice that the debt or any portion thereof is disputed, this office will obtain verification of the debt and provide to you or your attorney, additional information described in 940 CMR 7.08(2).

## Minnesota

THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

## New York

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(i) the use or threat of violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

## New York City

NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 1304511, 1304544, 1304538.

## North Carolina

North Carolina Department of Insurance Permit Numbers: 103199 - 5800 North Course Drive, Houston, TX 77072; 103195 - 4001 E 29th, Suite 130, Bryan, TX 77805; 103166 - 6506 South Lewis, Tulsa, OK 74136.

## Tennessee

THIS COLLECTION AGENCY IS LICENSED BY THE COLLECTION SERVICE BOARD OF THE DEPARTMENT OF COMMERCE AND INSURANCE.

EXHIBIT B

PO BOX 4043
CONCORD CA  94524-4043

# Alltran Financial, LP

July 16, 2020

| | |
|---|---|
| Creditor:  American Express | |
| Account:  XXXXXXXXXXX41002 | |
| Alltran ID: ████742 | |
| Account Balance: $4,945.71 | |
| Partial Account Number for Your Security | |

ADDRESS SERVICE REQUESTED

||ıı||lı||ıı||ılılı|ılı|ılı|ılı||ıllı||ıı||ılı||ılı||ılı||ılı||ılıılı|

Joshua Rabinowitz

Alltran Financial, LP
PO BOX 722929
HOUSTON TX 77272-2929
ılıllı|lı·ıllıʰılılı·ıllı·ılıllı|ılʰlı·ıllılʰlıl·ıllıı|lılılılı|lı

## Opportunity to Regain Card Membership
## Call for Details

Dear Joshua Rabinowitz:

American Express has authorized us to make you a special offer. American Express values your previous relationship and would like to offer you the opportunity to regain Card Membership. You have been selected to receive an Optima Card application if you pay your balance in full on the American Express® account referenced above.

After you pay your balance in full, American Express will send you an application for the new Optima Card. Your application will be approved by American Express unless:

- You have an active bankruptcy at the time of your application.
- You have accepted another offer for an Optima Card account from a different agency or from American Express.
- You have an active American Express account.
- American Express determines that you do not have the financial capacity to make the minimum payment on this new Optima Card account.

If you'd like to know more about this offer, you can call us at 866-740-3108, ext. 3016. We are available to assist you at the hours listed below. You can make payments on our website at ww.alltranfinancialpay.com.

Act now and call us today to make payment arrangements on your account.

Sincerely,

CEDDRICK L SAXTON
866-740-3108, ext. 3016

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

*See Reverse for important information*

Office Hours (all times Central)
Monday-Thursday: 8 AM to 9 PM • Friday: 8 AM to 4 PM • Saturday: 7 AM to 11 AM

*-074514565-*

**American Express Pricing and Terms**

Annual fee: $49

APR for purchases: Prime Rate + 14.99%. This APR varies with the market based on the Prime Rate.

Penalty APR: Prime Rate + 25.99%. This APR varies with the market based on the Prime Rate but will not exceed 29.99%. This APR will apply to your account if you make one or more late payments or make a payment that is returned unpaid. American Express may also consider your creditworthiness when applying the Penalty APR to your account.

The funds must clear your bank prior to an application being mailed. This offer is no longer valid if one or more accounts are sent to a collections agency after the date of this letter.

American Express may change the terms of, or add new terms to, the Cardmember Agreement at any time, subject to applicable law. American Express may apply any changed or new terms to any existing and future balances on your Account, subject to applicable law. This account is not eligible for Cash Advances or Balance Transfers. This account is not eligible for upgrading or transferring to a different American Express Card.